UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | CV 13-3923 DSF (AJWx) | Date | 6/17/13 |
|---|---|---|---|
| Title | Elias Munoz, et al. v. Directsat USA, LLC | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order REMANDING Case to State Court

     Defendant removed this case based on ordinary diversity jurisdiction as well as CAFA jurisdiction. Defendant fails to establish that the amount in controversy exceeds the jurisdictional minimum under either theory. The calculations in the notice of removal, on their face, fail to show that either named plaintiff has an individual claim that exceeds $75,000. As for CAFA, Defendant makes no attempt to establish the likely size of the class other than that it exceeds 100 members. Defendant also does nothing to show that the amount in controversy exceeds $5,000,000. Instead, it simply states that it "can demonstrate" this, followed up with a conclusory statement that it is more likely than not that the amount in controversy exceeds $5,000,000. The highly speculative numbers discussed in the notice of removal suggest an amount in controversy around $18,000, assuming 100 weeks of work per class member.[1] One hundred class members at $18,000 per class member does not even come close to $5,000,000.

     The case is REMANDED to the Superior Court of California, County of Los Angeles.

     IT IS SO ORDERED.

---

[1] Defendant fails to provide any estimate for the average work tenure of the class members. One hundred weeks is actually slightly longer than the class period – the Court uses it for ease of math. Of course, it is not realistic to assume that every class member was employed for the entire class period.